# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JOSHUA EUGENE THORN,** | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV 18-019-RAW-KEW |
| **JOE M. ALLBAUGH, Warden,** | ) |
| Respondent. | ) |

## OPINION AND ORDER

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as barred by the statute of limitations (Dkt. 8). Petitioner, a pro se prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at Lawton Correctional Facility in Lawton, Oklahoma, attacks his conviction and sentence in Muskogee County District Court Case No. CF-2014-179 for Felonious Possession of a Firearm, after two or more felony convictions (Count 3) and Assault and Battery with a Dangerous Weapon, after two or more felony convictions (Count 4).

Respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d):

Section 2244(d) provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that Petitioner's judgments and sentences were affirmed in *Thorn v. State*, No. F-2015-244 (Okla. Crim. App. Aug. 4, 2016) (unpublished) (Dkt. 9-1). His conviction, therefore, became final on November 2, 2016, upon expiration of the 90-day period for a certiorari appeal to the United States Supreme Court. *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. Jan. 31, 2001) (holding that a conviction becomes final for habeas purposes when the 90-day period for filing a petition for a writ of certiorari to the United States Supreme Court has passed). The statutory year began to run the next day on November 3, 2016, and it expired on November 3, 2017. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (stating that the year begins to run the day after the judgment and sentence becomes final and ends on the anniversary date). This habeas corpus petition, filed on January 12,

2018, was untimely.

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending. Petitioner, however, did not file a post-conviction application regarding these convictions. Therefore, his deadline for filing this habeas action was not extended by statutory tolling. The petition is barred by the statute of limitations.

Apparently arguing for equitable tolling of the limitation period, Petitioner alleges in a sworn affidavit that he was transferred between four different facilities until the filing deadline, beginning shortly after the Court of Criminal Appeals entered its decision (Dkt. 1 at 14, 16). He also was on an STG unit for seven months during this period. He claims he was unable to access any keycites or the library through no fault of his own. Consequently, he could not file a habeas petition before the deadline.

Petitioner carries the burden of establishing equitable tolling. *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008). Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). "Moreover, a petitioner must diligently pursue his federal habeas claims; a claim of insufficient access to relevant law . . . is not enough to support equitable tolling." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citing *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)). The Court, therefore, finds Petitioner

is not entitled to equitable tolling.

The Court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, Petitioner is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**ACCORDINGLY,** Respondent's motion to dismiss time barred petition (Dkt. 8) is GRANTED, this action is, in all respects, DISMISSED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 11th day of December 2018.

*[signature: Ronald A. White]*

Ronald A. White
United States District Judge
Eastern District of Oklahoma